# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| EDWARD M. HAMPTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 1:17-CV-104 |
| | ) | |
| INDIANA DEPARTMENT OF CORRECTIONS, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

This matter is before the Court on the Petition under 28 U.S.C. Paragraph 2254 for Writ of Habeas Corpus filed by Edward M. Hampton, the *pro se* petitioner, on March 21, 2017. For the reasons set forth below, the petition is **DENIED WITHOUT PREJUDICE**.

DISCUSSION

Edward M. Hampton, a *pro se* prisoner, filed a habeas corpus petition attempting to challenge his parole revocation. He states that:

> none of these grounds have been presented to a state court because I have been discharged on all charges and given time served, there is no court that covers these

> issues dealing with State Parole "overreach," that I
> know of, other than you.

DE 1 at 9.

However, there are two possible methods for challenging a parole revocation in Indiana: by filing a post-conviction relief petition, *Receveur v. Buss*, 919 N.E.2d 1235 (Ind. Ct. App. 2010), or by filing a state habeas corpus petition if the inmate is seeking immediate release. *Lawson v. State*, 845 N.E.2d 185, 186 (Ind. Ct. App. 2006). Furthermore, if a state habeas corpus petition is improperly filed, it will be converted to a post-conviction petition. *Hardley v. State*, 893 N.E.2d 740, 743 (Ind. Ct. App. 2008) and *Ward v. Ind. Parole Bd.*, 805 N.E.2d 893 (2004).

Before a petitioner can challenge a State proceeding in a federal habeas corpus petition, he must have previously presented his claims to the State courts. "This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Lewis v. Sternes*, 390 F.3d 1019, 1025-1026 (7th Cir. 2004). Because Hampton has not yet presented his claims to the State courts, this habeas corpus petition must be dismissed without prejudice.

CONCLUSION

For the reasons set forth above, the petition is **DENIED WITHOUT PREJUDICE.**


DATED: March 21, 2017        /s/RUDY LOZANO, Judge
                                        United States District Court